NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BABARA LEAK,

       Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

Civil Action No. 08-4915 (SDW-MCA)

**OPINION**

August 20, 2009

**WIGENTON**, District Judge

  Before the Court is Plaintiff Barbara Leak's ("Plaintiff") appeal of the final decision of Administrative Law Judge Richard L. De Steno (the "ALJ" or "ALJ De Steno") that Plaintiff was not eligible for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 §§ U.S.C. 401–33.  This appeal is decided without oral argument pursuant to Local Civil Rule 9.1(b).  The Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). Venue is proper under 28 U.S.C. § 1391(b).  For the reasons set forth below, this Court **REMANDS** the final decision of the ALJ and refers same to a different ALJ.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

  From 1983 through 2004, Plaintiff worked as a payroll clerk (Tr.93). In that position, Plaintiff walked an hour a day, stood for one and one half hours a day, sat four and one half hours a day, and averaged lifting between 20lbs. and 50lbs. while working. (Tr. 95). She testified that she added up time cards, filed, used calculators to balance the ledgers, and entered records into the computer (Tr. 190). Plaintiff was last employed as a hairdresser. (Tr. 188). Plaintiff also testified that she on occasion, prepared meals, watched television, cleaned, and read the

newspaper, although here ability to do these things were limited by her medical condition. (Tr. 188-89).

In October 2005, Plaintiff saw Dr. Barry Silver ("Dr. Silver"), her treating physician, for an outbreak of hand dermatitis on the palmar portion of her hands (Tr. 169). Dr. Silver diagnosed Plaintiff with chronic hand dermatitis, most likely related to an allergy to chemicals that she worked with as a hairdresser. *Id*. In November 2005, Dr. Silver noted that Plaintiff's hand dermatitis had improved with medication (Tr. 168).

On December 6, 2005, Dr. Robert Walsh, a State agency physician, reviewed the medical evidence and found that prior to Plaintiff's date last insured - December 31, 2004 - there was no evidence to support a finding that Plaintiff had any exertional, postural, manipulative, visual, communicative, or environmental limitations (Tr. 154-61).

In February 2006, Dr. Silver indicated that he had treated Plaintiff since July 8, 2003 for severe eczema of the hands. (Tr. 164). Dr. Silver stated that Plaintiff was a hairdresser and had a severe allergy to the chemicals that she worked with. (*Id*.) He stated that he advised plaintiff to stop working as a hairdresser in order for her hands to heal. (*Id*.) Dr. Silver also reported that Plaintiff was unable to return to her occupation as a hairdresser due to an allergy to the chemicals involved in her work. (Tr. 165). Specifically, Dr. Silver commented that Plaintiff's hand dermatitis was aggravated by the chemicals that she used at work as a hairdresser; he was unable to provide any medical opinion regarding Plaintiff's abilities to perform work related activities. (Tr. 167). On February 3, 2006, Dr. Silver stated that Plaintiff was unable to work as a hairdresser at the present time due to a recent flare-up of her condition (Tr. 167).

Two months later, on April 24, 2006, Dr. Silver noted that Plaintiff had a lifelong history of eczema (Tr. 166). He stated that when he first saw Plaintiff in July 2003, she had some

cracking and blistering of her hands and was working as a hairdresser. *Id*. Dr. Silver stated that her problem, while chronic, was not disabling, and he noted that she was able to work. *Id*. He further reported that he saw Plaintiff once more in 2003 and once again in 2004 and that while her eczema was persistent, it was not disabling. *Id*. He noted that she had some areas of slight blistering and cracking. *Id*. Dr. Silver added that when he saw Plaintiff in 2006, her eczema had become more widespread and her fingers were more swollen with cracking and blistering. *Id*. In February 2008, Dr. Silver stated that Plaintiff had been permanently disabled since the spring of 2004 due to her hand eczema (Tr. 181).

Plaintiff filed an application for Disability Insurance Benefits on September 27, 2005. The claim was denied initially and upon reconsideration. A timely request for hearing was filed and on January 15, 2008 a hearing was held before ALJ De Steno. On March 14, 2008 the ALJ issued an unfavorable decision (Tr. 41-50). The Appeals Council found no grounds to review the ALJ's decision. (Tr. 4-6). District Court action was thereafter commenced. Specifically, Plaintiff argues that: (i) at step three of the sequential evaluation the ALJ did not compare Plaintiff's severe impairments with one of the commissioner's listings; (ii) at step four the ALJ's residual functional capacity ("RFC") is not reflective of the evidence; (iii) the ALJ's rejection of a treating physician's opinion is contrary to law; (iv) the AJL did not engage in the mandated pain evaluation, and (v) the ALJ made no comparison between the tasks involved in Plaintiff's past work and the condition of Plaintiff's hands.

## II. APPLICABLE LEGAL STANDARDS

The Social Security Administration has promulgated a five-step evaluation process to determine whether an individual is entitled to Social Security disability benefits. *See* 20 C.F.R. § 404.1520. In step one, the ALJ decides whether the claimant is currently engaged in substantial

gainful activity. If the claimant is engaged in substantial gainful activity, the claimant is not eligible for disability benefits and the ALJ's inquiry ends. 20 C.F.R. § 404.1520(a). If claimant is not engaged in such activity, then in step two the ALJ determines whether the claimant is suffering from a severe impairment. If the impairment is not severe, the claimant cannot qualify for disability benefits and the ALJ's inquiry ends. 20 C.F.R. § 404.1520(c). If the impairment is severe, then in step three the ALJ evaluates whether the evidence establishes that the claimant suffers from a listed impairment. If the claimant suffers from a severe impairment, then the claimant is automatically entitled to disability benefits and the ALJ's inquiry ends. 20 C.F.R. § 404.1520(d). If the claimant does not suffer such an impairment, then in step four the ALJ reviews whether the claimant retains the "residual functional capacity" to perform his past relevant work. If the claimant can perform their past relevant work, the claimant is not eligible for disability benefits and the ALJ's inquiry ends. 20 C.F.R. § 404.1520(e). If claimant cannot perform such work, then in step five the ALJ considers whether work exists in significant numbers in the national economy that the claimant can perform given his medical impairments, age, education, past work experience, and "residual functional capacity." If such work does exist, the claimant is not eligible for disability benefits. 20 C.F.R. § 404.1520(f).

The Court's review of the ALJ's decision is based on whether there was substantial evidence to support his decision. 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*; *see Richardson v. Perales*, 402 U.S. 389 (1971); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3rd Cir.1979). Substantial evidence "is less than a preponderance of evidence but more than a mere scintilla." *Jerurum v. Sec'y of U.S. Dept. of Health & Human Serv.*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Richardson*, 402 U.S. at 401).

## III.   DISCUSSION

### A.   Step Three

At step three the commissioner is to compare the combined effects of the claimant's "sever" impairments with the "Listing of Impairments." Step three requires the Commissioner to compare the severity and duration of the claimants combination of impairments previously found to be severe at step two (20 C.F.R. 404.1526(a)).

Here the ALJ found, without explanation that: "The evidence establishes that the claimant's skin condition responded to treatment as prescribed by Dr. Silver (Exhibit B-3F). The claimant's impairment did not meet or equal, on or prior to her [(date last insured])] DLI, the criteria of any impairment listed in Section 8.00 of the medical listings." Said conclusion is devoid of any analysis or comparison required by C.F.R. 404.1526(a). This Court notes that it is not judging the ultimate decision of the ALJ; however, further explanation as to how the ALJ reached his conclusion at step three is warranted. Thus, this Court remands said decision for the ALJ to make a comparison to the List of Impairments as required by statute.

### B.   Step Four

In step four, the ALJ found that the opinion of Plaintiff's treating physician, Dr. Silver, and Plaintiff's subjective descriptions of pain to be inadequate and not supportive of an ultimate determination that Plaintiff was, in fact, severely limited and incapable of working.

When the opinion of a treating physician is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record," the ALJ should give it "controlling weight."  20 C.F.R. § 416.927(d)(2); *see also Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 202 (3d Cir. 2008). When the ALJ does not give the opinion of a treating physician controlling weight, the ALJ

should give the opinion more or less weight according to several factors, one of which is the amount of relevant evidence, particularly medical signs and laboratory findings that support the opinion. 20 C.F.R. § 416.927(d)(2); *see also Jones v. Sullivan*, 954 F.3d 125, 129 (3d Cir. 1991). Additionally, remand is warranted "where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits." *See Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) (internal citations and quotations omitted). An ALJ is not free to substitute his own judgment for that of a physician by independently reviewing and interpreting the laboratory reports. *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985).

In this case, the ALJ does note Plaintiff's testimony of her disabling pain as well as certain portions of Dr. Silver's medical report. The ALJ has not explained why he has not given the claimant's testimony or Dr. Silver's report considerable weight in arriving at his conclusion; both Dr. Silver's reports and the claimant's testimony are contrary to the ALJ's decision. Again, this Court is not passing judgment on the ALJ's ultimate decision; however, further explanation as to why certain information was discredited while other evidence was given more weight, is warranted. Thus, this Court remands said decision for a complete analysis of the record which shall detail why Plaintiff's testimony and Dr. Silver's report that contradicts the ALJ's findings were not given controlling weight.

### C.     Step Five

Since it is necessary for the ALJ to reanalyze steps three and four, he must reanalyze step five on remand. *Williams v. Apfel*, 98 F.Supp. 2d 625, 632 (E.D.Pa. 2000) (holding that, on remand, the ALJ must alter his step five analysis to incorporate the holding of the Court).

Accordingly, if the ALJ's ensuing step five findings are the same as his original findings, Plaintiff can raise any relevant argument regarding step five at that time.

## IV. BIAS

Due process requires that any hearing afforded a Social Security applicant be fair and full. *Ventura v. Shalala*, 55 F.3d, 900, 902 (3d Cir. 1995). "Essential to a fair hearing is the right to an unbiased Judge." *Id*. A judge must avoid the appearance of bias. *SEC v. Antar*, 71 F.3d 97, 101 (3d Cir. 1995).

In this case, Plaintiff asserts that ALJ De Steno has a bias against the law firm Langston & Alter; Plaintiff's attorney. The extensive history between ALJ De Steno and Plaintiff's counsel is such that this Court finds it appropriate that the matter should be referred to a different ALJ. Thus, without going into the merits of Plaintiff's assertions, this Court remands the instant matter to a different ALJ, in order to avoid the appearance of bias.

## IV. CONCLUSION

For the reasons stated above, the decision of the ALJ is REMANDED and referred to a different ALJ.

**S/SUSAN D. WIGENTON, U.S.D.J.**

cc: Madeline Cox Arleo, U.S.M.J.